IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2239-BN |
| | § | |
| FIRST TRUST PORTFOLIOS L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant First Trust Portfolios L.P. ("First Trust") has filed a Motion to Strike the Supplemental Report of Plaintiff's Retained Expert Michael Spindler. *See* Dkt. No. 85.

Plaintiff Aaron Edwards filed a response. *See* Dkt. No. 89.

For the reasons explained below and without the need to await First Trust's filing any reply, the Court grants Defendant First Trust's Motion to Strike the Supplemental Report of Plaintiff's Retained Expert Michael Spindler [Dkt. No. 85].

## Background

Michael Spindler is Plaintiff Aaron Edwards's retained damages expert. He was designated on August 22, 2024, *see* Dkt No. 91, and produced his expert report on October 3, 2024 (the "Original Report"), *see* Dkt. No. 86 at 3-12, which was the deadline for Edwards to serve his expert reports, *see* Dkt. No. 51.

The Court set a November 14, 2024, deadline for the parties to complete discovery. *See* Dkt. No. 45. And this case is set for trial on February 24, 2025. *See*

Dkt. No. 68.

In his Original Report, Mr. Spindler opined that Edwards was entitled to $5,920,897 in lost earnings (after subtracting the value of his mitigating earnings). *See* Dkt. No. 86 at 11-12. Mr. Spindler forecasted the value of Edwards's lost earnings through his projected retirement at age 67 using a "conservative" Compound Annual Growth Rate ("CAGR") of one percent. *See id.* at 8.

Edwards provided First Trust with an addendum to Mr. Spindler's Original Report for mediation purposes on October 25, 2024 (the "Mediation Report"). *See* Dkt No. 91 at 63. In his Mediation Report, Mr. Spindler opined that Edwards was entitled to $15,133,349 using a 7.6 percent CAGR. *See id.* at 64-65.

First Trust timely served its rebuttal expert report on November 13, 2024. *See* Dkt. No. 85 at 2.

On February 11, 2025, Edwards produced Mr. Spindler's Supplemental Report. *See* Dkt. No. 86 at 27. The Supplemental Report provides an "alternative damages calculation," which opines that Edwards is entitled to $11,052,917 using a 5.4 percent CAGR. *See id.* at 31-34.

First Trust moves to strike Mr. Spindler's Supplemental Report as untimely under Federal Rules of Civil Procedure 26 and 37.

## Legal Standards

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a)... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the

disclosure... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2023 WL 348963 (N.D. Tex. Jan. 20, 2023).

"[T]he line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction ... depends on the facts of the case." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2022 WL 3019795, at *2 (N.D. Tex. July 29, 2022) (cleaned up). But "[c]ourts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and disclosure 'departs from [or] expands upon [the] original report in [any] material respects." *Holcombe v. United States*, 516 F. Supp. 3d 660, 670 (W.D. Tex. 2021) (cleaned up). "The purpose of supplementary disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Aircraft Holding*, 2022 WL 3019795, at *2 (cleaned up). "Thus [w]hen the analysis and opinions in the second report [are] largely new rather than supplementary, they cannot qualify as a supplemental expert report under Rule 26(e)." *Id.* (cleaned up).

And, even if an allegedly supplemental report is untimely, "[i]n assessing whether to permit testimony based on an untimely supplemental expert report, the court, in exercising its discretion, considers (1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the

supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice." *Id.* at *3 n.3 (cleaned up).

## Analysis

First Trust asserts that Mr. Spindler's Supplemental Report should be stricken because it was "untimely disclosed and contains new subjects and opinions without sufficient excuse." Dkt. No. 85 at 4. Specifically, First Trust objects to Mr. Spindler's opinion regarding Edwards's alleged entitlement to monies from First Trust's discretionary bonus program known as the "Jerries Bonus," which served as a basis for applying a 5.4 percent CAGR to calculate Edwards's lost earnings of $11,052,917 (after subtracting the value of his mitigating earnings). *See id.* at 3; *see also* Dkt. No. 86 at 30.

Mr. Spindler's Original Report opined that Edwards was entitled to $5,920,897 using a CAGR of one percent. Edwards contends that "[t]he methodology applied in the Original Report and Supplemental Report is the same." Dkt. No. 90 at 4. And, Edwards says, "[f]or all practical purposes, the only difference in the damages calculation set forth in [the] Original Report and the alternative damages calculation set forth in [the] Supplemental Report is changing one number (i.e., the CAGR percentage) in the same equation." *Id.* at 4.

The Court disagrees with this characterization of Mr. Spindler's Supplemental Report. And Edwards's distinction between a "methodology" and "calculation" in attempting to justify the contents of his Supplemental Report is not persuasive.

The result is materially different, regardless of how CAGR is classified, considering that the increase in CAGR from one to 5.4 percent almost doubles Mr. Spindler's damages approximation in his Original Report. And Edwards does not point to any newly produced information that Mr. Spindler relied on to develop his Supplemental Report calculation.

And, so, Mr. Spindler's Supplemental Report contains an untimely expert opinion that is based on information available before the deadline for expert disclosures and that departs from his Original Report in material respects.

But that is not the end of the analysis. Even if an allegedly supplemental report is untimely, to assess whether to permit testimony based on an untimely supplemental expert report, the Court, in exercising its discretion, considers (1) the explanation for making the supplemental disclosure at the time it is made; (2) the importance of the supplemental information to the proposed testimony of the expert, and the expert's importance to the litigation; (3) potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any prejudice. *VeroBlue Farms*, 2023 WL 348963, at *16.

Edwards offers no explanation regarding the timing of his supplemental disclosure – less than two weeks before the start of trial.

But he contends that First Trust is not prejudiced by the Supplemental Report. *See* Dkt. No. 90 at 3. Edwards asserts that any alleged surprise or prejudice is belied by Mr. Spindler's Mediation Report, which was provided to First Trust on October 24, 2024, before First Trust's rebuttal expert disclosed his report. *See id.* at 5.

In his Mediation Report, Mr. Spindler opined that Edwards was entitled to $15,133,349 using a 7.6 percent CAGR. *See* Dkt. No. 91 at 64-65. And, so, Edwards asserts that "First Trust and its rebuttal expert knew Mr. Spindler developed an alternative damages calculation using a higher CAGR percentage months ago." Dkt. No. 90 at 5.

The Mediation Report may have provided First Trust with notice of Edwards's intent to use a greater CAGR percentage to calculate damages. But, when Edwards did not timely supplement Mr. Spindler's expert report for Rule 26 purposes, First Trust had reason to believe that Edwards would not rely on this "alternative damages calculation" for trial.

Edwards himself characterizes the Mediation Report as "for mediation purposes only." *Id.* at 5. And he further admits that the CAGR used in the Supplemental Report (5.4%) lies between the Original Report (1%) and the Mediation Report (7.6%).

And, so, the Court is not persuaded by Edwards's argument that the "alternative damages calculation" disclosed in the Mediation Report – prepared only for mediation – absolves him of his failure to timely disclose the Supplemental Report.

And, even insofar as First Trust provided the Mediation Report to its rebuttal expert, it would still be prejudicial to allow a new damages calculation two weeks before the start of trial.

As noted above, the Court is not persuaded by Edwards's argument that the Supplemental Report uses the same "methodology" generally – especially because the

"methodology" involving a higher CAGR is based on the mediation-only report of several months ago. Edwards could have disclosed the supplemental expert report for purposes of trial at that time but did not.

And, with the imminent start of trial, there is no possibility of a continuance to mitigate the prejudice to First Trust. And, in any event, the Court will not continue trial to accommodate Edwards's new damages calculation that he has first disclosed at the eleventh hour.

## Conclusion

For the reasons explained above, the Court GRANTS Defendant First Trust's Motion to Strike the Supplemental Report of Plaintiff's Retained Expert Michael Spindler [Dkt. No. 85].

SO ORDERED.

DATED: February 18, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE