IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON EDWARDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-2239-BN |
| § | |
| FIRST TRUST PORTFOLIOS L.P., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Defendant First Trust Portfolios L.P. ("First Trust") filed a Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Claim Brought under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6. *See* Dkt. No. 79.

Plaintiff Aaron Edwards filed a response. *See* Dkt. No. 102.

For the reasons explained below, the Court grants Defendant First Trust's Motion [Dkt. No. 79].

### Background

Plaintiff Aaron Edwards filed this lawsuit against his former employer, Defendant First Trust, alleging that he was terminated in retaliation for engaging in purported whistleblowing activities.

Edwards's Complaint asserted claims under the anti-retaliation and whistleblower protection provisions provided under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A; the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6; and the Consumer Financial Protection Act

("CFPA"), 12 U.S.C. § 5567. *See* Dkt. No. 1. And Edwards made a jury demand as to all issues triable of right by a jury under Federal Rule of Civil Procedure 38. *See id.* at 13.

The Court dismissed Edwards's CFPA claim with prejudice at summary judgment. And, so, Edwards's SOX and Dodd-Frank claims remain ahead of trial set to begin on February 24, 2025. *See* Dkt. No. 68.

The parties do not dispute that a right to a jury trial exists as it relates to Edwards's SOX claim. But First Trust contends that no such right exists as to the Dodd-Frank claim.

And, so, First Trust asserts that the Dodd-Frank claim should be decided by the Court, and it filed this motion to strike Edwards's jury demand.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 39(a) provides that a trial on all issues so demanded must be by jury unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." FED. R. CIV. P. 39(a)(2).

First Trust contends that Edwards has no statutory or constitutional right to a jury on his Dodd-Frank claim because "Congress did not provide for a jury trial in the statutory text" and "the relief sought under Dodd-Frank is equitable in nature." Dkt. No. 80 at 1.

In response, Edwards argues that he has a constitutional right to a jury trial on his Dodd-Frank claim because the damages he seeks are legal in nature. *See* Dkt.

102 at 4-5.

First Trust is correct that Dodd-Frank's whistleblower anti-retaliation provision does not expressly provide for a right to a jury trial. *See generally* 15 U.S.C. § 78u-6; *see also Penate v. Wyndham Worldwide Operations, Inc.*, No. 617CV230ORL31DCI, 2017 WL 2464120, at *2 (M.D. Fla. June 7, 2017) ("The Court has reviewed Section 922 of the Dodd–Frank Act and finds no guarantee of a right to a jury trial in it.").

This contrasts with Edward's claim under the Sarbanes-Oxley Act, which states that a party to an action brought under 18 U.S.C. § 1514A(b)(1)(B) "shall be entitled to trial by jury." 18 U.S.C. § 1514A(b)(2)(E).

> And a Georgia federal district court has observed that
>
> Sarbanes-Oxley as originally passed was silent on the availability of a jury trial and most courts considering the issue found that a jury was not available because the nature of the remedy was restitutionary and equitable. In 2010, however, Congress amended Sarbanes-Oxley to include a provision for a jury trial. Significantly, however, no similar provision was included in the Dodd-Frank Act which was considered by Congress at the same time.

*Pruett v. BlueLinx Holdings, Inc.*, No. 1:13-cv-02607-JOF, 2013 WL 6335887 (N.D. Ga. Nov. 12, 2013) (finding that no jury trial right existed for whistleblower claims under Dodd-Frank; cleaned up)

The Court agrees with the *Pruett* court's reasoning that, "[w]hile Congress enlarged the scope of individuals potentially protected in the Dodd-Frank Act, it did not specify in Dodd-Frank that a jury trial was available despite being aware of the legal controversy surrounding whether a jury trial was available under Sarbanes-

Oxley and amending that legislation to specify a right for a jury trial." *Id.* at *3; *see also Schmidt v. Levi Strauss & Co.*, 621 F. Supp. 2d 796 (N.D. Cal. 2008) (finding that a SOX claim, which provided for remedies that were equitable in nature, carried no jury right before Congress explicitly included one in 2010).

Because there is no statutory jury right under Dodd-Frank, the Court turns to whether there is a right to a jury trial under the Seventh Amendment.

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII.

"The Seventh Amendment only 'extends to a particular statutory claim if the claim is legal in nature.'" *In re Abbott*, 117 F.4th 729 (5th Cir. 2024) (quoting *S.E.C. v. Jarkesy*, 603 U.S. 109, 122 (2024)). And, "[t]o determine whether a claim is legal in nature, courts 'must examine both the nature of the action and of the remedy sought.'" *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417 (1987)). But, of these factors, the remedy is the "more important consideration." *Id.* (quoting *Jarkesy*, 603 U.S. at 123).

And, so, the Court's analysis turns on whether Edwards's potential remedies under Dodd-Frank are legal or equitable in nature.

First Trust asserts that they are equitable because Dodd-Frank provides remedies such as reinstatement, double back pay with interest, and litigation costs, including attorneys' fees. *See* Dkt. No. 80 at 4; *see also* 15 U.S.C. §78u-6(h)(1)(C).

Edwards argues that his remedies and, specifically, double back pay damages, are legal in nature because they "go beyond restoring the status quo to deter and

punish Dodd-Frank violators." Dkt. 102 at 5; *see also Jarkesy*, 603 U.S. at 123 ("What determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer, or, on the other hand, solely to restore the status quo.").

Reinstatement and back pay are generally recognized as equitable remedies. *See West v. Gibson*, 527 U.S. 212, 217 (1999); *see also Bogan v. MTD Consumer Grp., Inc.*, 919 F.3d 332 (5th Cir. 2019) (stating that reinstatement and front pay are equitable remedies).

Edwards contends that Dodd-Frank's doubling of back pay transmutes it from an equitable to legal remedy because it "serves to deter future misconduct by litigants." Dkt. No. 102 at 5. But this proposition is too attenuated from the authority that Edwards cites in his response. *See id.*

In addressing this same issue, the court in *Pruett* noted that "the automatic doubling [of back pay] is a calculation that lacks the discretion generally associated with monetary damages awarded by a jury." *Pruett*, 2013 WL 6335887, at *2.

The Court agrees with the *Pruett* court's reasoning and finds that Dodd-Frank's doubling of back pay does not change it from an equitable remedy to a legal one.

And, so, because the remedies provided under Dodd-Frank are equitable, Edwards is not entitled to a jury on his Dodd-Frank claim under the Seventh Amendment.

Edwards also objects to First Trust's delay in moving to strike the jury demand and alleges that he will be prejudiced as a result. *See* Dkt. No. 102 at 2-4.

He states that "the Fifth Circuit held it was an abuse of discretion for the trial court to strike a jury demand just three months before trial when the movant had allowed the case to sit on the court's jury trial docket for seven months before moving to strike." *Id.* at 2 (citing *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061 (5th Cir. 1990)).

But *Daniel* is distinguishable from this case. In *Daniel*, the plaintiff filed an untimely jury demand, and the court's "calculus" implicated Rule 39(b) – when issues are not properly demanded. And, unlike here, it did not involve a question of whether the plaintiff's claims carried a federal right to a jury trial under Rule 39(a)(2). *See Daniel*, 916 F.2d at 1064 (stating that the case was a contract dispute with issues of the sort usually tried to a jury).

While First Trust waited until the last possible opportunity to move to strike Edwards's jury demand on his Dodd-Frank claim, its motion was timely filed under the Court's Amended Order Setting Case for Trial. *See* Dkt. No. 68 ("Counsel must file and serve on all parties any trial-related motions other than motions in limine, no later than February 11, 2025").

The Court acknowledges Edwards's counsel's concerns as it relates to preparing their case for a jury and their inability to submit a trial brief to the Court.

And, so, to mitigate these concerns, a binding jury will be empaneled for Edwards's SOX claim and the same jury will serve as an advisory jury for Edwards's Dodd-Frank claim. *See* FED. R. CIV. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory

jury….").

And, because Edwards's Dodd-Frank claim will now be tried to the Court (with an advisory jury), Edwards must file and serve his trial brief, not to exceed 30 pages (excluding any table of contents and table of authorities), describing the legal and factual bases for any claim, defense, or issue on which he has the burden of persuasion, by no later than **Monday, February 24, 2025**. First Trust has already filed its trial brief. *See* Dkt. No. 94. Under the circumstances, the Court will not require or entertain responsive trial briefs at this time.

## Conclusion

For the reasons explained above, the Court grants Defendant First Trust's Motion to Strike Plaintiff's Jury Demand as to Plaintiff's Dodd-Frank claim [Dkt. No. 79].

SO ORDERED.

DATED: February 20, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE