IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON EDWARDS, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-2239-BN |
| § | |
| FIRST TRUST PORTFOLIOS L.P., § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

A jury rendered a verdict in favor of Defendant First Trust Portfolios L.P. on Plaintiff Aaron Edwards's claim brought under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A. *See* Dkt. No. 129. And, in its Memorandum Opinion and Order, this Court found for First Trust on Edwards's claim brought under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 15 U.S.C. § 78u-6. *See* Dkt. No. 144.

The Court entered a final judgment on June 12, 2025, in which it determined that Edwards shall take nothing by this suit. *See* Dkt. No. 145. And it taxed costs against Edwards. *See id.*

Complying with Northern District of Texas Local Civil Rule 54.1, First Trust timely filed a Bill of Costs on June 26, 2025. *See* Dkt. No. 146.

And, 14 days later, on July 10, 2025, the Clerk of the Court taxed costs against Edwards in the amount of $137,284.47. *See* Dkt. No. 147. That total is comprised of:

- $347.00 for "Fees of the Clerk";
- $1,710.00 for "Fees for service of summons and subpoena";

- $34,573.52 for "Fees for printed or electronically records transcripts necessarily obtained for use in the case";
- $3,312.16 for "Fees and disbursements for printing";
- $9,398.95 for "Fees for witnesses"; and
- $87,942.84 for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

Dkt. No. 146 at 1.

On July 17, 2025, Edwards filed an Objection to Defendant's Bill of Costs and Motion for the Court to Review/Retax Costs, *see* Dkt. No. 149, arguing that First Trust should be denied its costs entirely or in parts because:

1. First Trust is not entitled to its costs under the relevant Fifth Circuit factors;
2. First Trust failed to prove the necessity of its alleged costs; and
3. First Trust's alleged exemplification costs are not taxable to Edwards.

*Id.* at 1.

First Trust responded. *See* Dkt. No. 151. And Edwards did not file a reply.

For the reasons explained below, the Court grants in part and denies in part Edwards's Objection to Defendant's Bill of Costs and Motion for the Court to Review/Retax Costs [Dkt. No. 149].

## Legal Standards and Analysis

### I. The Court has jurisdiction to rule on Edwards's motion.

As a threshold matter, the Court retains jurisdiction to consider Edwards's objections to the taxation of costs. *See Feria v. Winn-Dixie Montgomery, L.L.C.*, 753 F. App'x 323, 324 (5th Cir. 2019) (per curiam) (explaining that, although the court's judgment did not explicitly award costs, the defendant "remained entitled to seek a

judgment as to costs pursuant to Rule 54(d) in the district court even after entry of final judgment, and Plaintiffs' notice of an appeal in this court had no effect on the district court's jurisdiction to entertain such a motion").

## II. Edwards's motion is not untimely under Rule 59(e).

First Trust argues, as an initial matter, that Edwards's motion is improper and untimely under Federal Rule of Civil Procedure 59(e). *See* Dkt. No. 151 at 2. First Trust contends that Edwards's motion seeks to alter this Court's final judgment and, so, should have been filed no later than 28 days after the entry of the Court's judgment. *See id.* (citing FED. R. CIV. P. 59(e)).

But the Fifth Circuit has explained that "any post-judgment motion addressing costs or attorney's fees must be considered a collateral issue even when costs or attorney's fees are included in a final judgment." *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 383 F.3d 249, 253 (5th Cir. 2004).

And, so, Edwards's motion is "not a motion to alter or amend judgment under Rule 59(e)," even though this Court's judgment included taxation of costs. *Id.*; *see* Dkt. No. 145.

Rather, Edwards's motion is "a collateral motion … under [Federal Rule of Civil procedure] 54(d)." *Moody Nat'l Bank of Galveston*, 383 F.3d at 253.

Rule 54(d)(1) provides: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1).

And Edwards filed his motion for review and objections within seven days of

the date on which the Clerk taxed costs. *See* Dkt. Nos. 147 & 149.

And, so, Edwards's motion is timely under Rule 54(d)(1). *Accord E.E.O.C. v. SkyWest Airlines, Inc.*, No. 3:22-cv-1807-D, 2025 WL 697661, at *10 n.1 (N.D. Tex. Mar. 4, 2025); *Hamilton v. Safeway Ins. Co.*, No. 2:08-cv-208-KS-MTP, 2011 WL 1130504, at *1 (S.D. Miss. Mar. 28, 2011).

### III. Edwards cannot overcome the Rule 54(d) presumption favoring an award of costs to First Trust.

Edwards argues that First Trust is not entitled to any costs under prevailing Fifth Circuit law. *See* Dkt. No. 150 at 1-3.

First Trust responds that Edwards cannot "overcome the strong presumption of the award of costs" created by Rule 54(d). Dkt. No. 151 at 3.

The Court agrees with First Trust on this score.

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

Section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in Section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 563 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.*

And the Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up). That is,

> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheco*, the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith*, 909 F.3d at 753 (cleaned up; quoting *Pacheco*, 448 F.3d at 794 n.18).

But the Court of Appeals later held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs" – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793).

And the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

**A. Edwards's Good Faith**

To succeed on a Dodd-Frank claim, Edwards had to show that he subjectively believed – that is, personally and in good faith – that First Trust's conduct constituted a possible securities law violation. *See Ott v. Fred Alger Management, Inc.*, No. 11 Civ. 4418 LAP, 2012 WL 4767200, at *4 (S.D.N.Y. Sept. 27, 2012) (citing

Implementation of the Whistleblower Provisions of Section 21F of the Securities Exchange Act of 1934, Exchange Act Release No. 34-64545 (May 25, 2011), at 7).

This Court did "not find credible Edwards's testimony regarding his subjective belief that First Trust's Year-End Gift Policy violated SEC rules or regulations." Dkt. No. 144 at 8.

And, for the same reasons, the Court declined to disturb the jury's finding that Edwards had not proven his SOX claim, which also requires a subjective belief that the defendant's conduct violated an SEC rule or regulation. *See id.* at 13-14.

But, even assuming that Edwards sued First Trust in good faith, that, alone, cannot defeat an award of costs under Rule 54(d). *Pacheco*, 448 F.3d at 794. Edwards must also prove that one of the factors below weighs in favor of denying costs.

### B. Parties' Financial Resources

Edwards argues that the first and last Fifth Circuit factors – Edwards's limited financial resources and First Trust's enormous resources – weigh in favor of denying First Trust its costs. *See* Dkt. No. 150 at 2, 3.

But, under Fifth Circuit precedent, the Court may not deny First Trust "its costs because of its comparative ability to more easily bear the costs." *Smith*, 909 F.3d at 753 (cleaned up; quoting *Pacheco*, 448 F.3d at 793).

And, to the extent that Edwards's financial resources are lacking, the Court declines to use Edwards's "limited resources" as a basis for denying costs to First Trust. *U.S. ex rel. Long*, 807 F.3d at 130.

And, so, the first and fifth factors do not support denying First Trust its taxable

costs.

### C. Difficulty of Legal Issues Presented

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Harrison v. Proctor & Gamble Co.*, No. 7:06-cv-121-O, 2009 WL 10678211, at *2 (N.D. Tex. Mar. 25, 2009) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986)).

The Court does not agree with Edwards that "[t]his case presented close and difficult legal questions" such that a denial of costs is warranted. Dkt. No. 150 at 2.

The jury deliberated for only a few hours before returning a verdict. *See* Dkt. No. 151 at 4. And the jury's special verdict form indicated that they found that Edwards's SOX and Dodd-Frank claims each failed at a threshold essential element – whether he engaged in protected whistleblower activity. *See* Dkt. No. 129 at 1-3; *see also Harrison*, 2009 WL 10678211 (finding no close and difficult legal issues where the plaintiff failed to establish "an essential element of their legal malpractice claim").

And, so, the third *Pacheco* factor does not weigh in favor of denying costs to First Trust.

### D. Benefit Conferred to Public

Edwards contends that the SOX and Dodd-Frank "whistleblower protections were written to encourage whistleblowers like Edwards to report violations of

financial industry regulations. Taxing costs to whistleblowers like Edwards would cut against that public benefit and have a chilling effect on future whistleblowers." Dkt. No. 150 at 2.

But the jury found that Edwards was not a whistleblower protected by the statute, in the first instance. *See* Dkt. No. 129 at 1, 3. And, so, Edwards's argument that taxing costs against "whistleblowers like Edwards would … have a chilling effect on future whistleblowers" is unpersuasive. Dkt. No. 150 at 2; *accord Smith v. Chrysler Group, LLC*, No. 1:15-cv-218, 2017 WL 11630514, at *3 (E.D. Tex. Oct. 23, 2017).

So, the fourth factor does not weigh in favor of denying costs to First Trust.

And Edwards does not contend that the second factor – misconduct by the prevailing party – weighs against awarding costs.

And, so, Edwards has not overcome the strong presumption in favor of awarding any costs to the prevailing party, First Trust.

### IV. First Trust has not demonstrated necessity of its transcript or copying or exemplification costs.

Edwards argues that First Trust has not met its "burden to show the necessity of its costs before those costs can be taxed to Edwards." Dkt. No. 150 at 3. He contends that the declaration of necessity at the bottom of the Bill of Costs [Dkt. No. 146 at 1] is "bare bones" and is not sufficient to prove necessity. *See id.*

The Court agrees to an extent.

Notwithstanding the Rule 54(d) presumption favoring an award of costs, the party seeking recovery of costs under Sections 1920(2) or 1920(4) bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman*

*v. ARAMCO (Arabian Am. Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991); *see* 28 U.S.C. § 1920(2) & (4) (copying and exemplification costs are recoverable provided they were "necessarily obtained for use in the case"). "A finding of necessity is a factual finding." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128, 133 (5th Cir. 1983) (citing *United States v. Kolesar,* 313 F.2d 835, 839 (5th Cir. 1963)).

The Court disagrees with First Trust's assertion that it "has provided all necessary information and support for its costs." Dkt. No. 151 at 6.

Although First Trust has provided an itemized breakdown of its expenses, it has not provided specific proof that those expenses were necessary. *See* Dkt. No. 146.

And the "declaration on the clerk's approved form stating that all of the requested costs were necessarily incurred in this action … alone is not enough, and, without more, the Court cannot determine" that First Trust's costs for printing or copying and transcripts and other deposition-related expenses were necessary. *Gonzales v. Pan American Laboratories, L.L.C.,* No. 3:14-cv-2787-L, 2018 WL 2321896, at *3 (N.D. Tex. May 4, 2018), *rec. adopted* 2018 WL 2317749 (N.D. Tex. May 22, 2018); *see also Lopez-Santiago v. Coconut Thai Grill,* No. 3:13-cv-4268-D, 2015 WL 7294896, at *2 (N.D. Tex. Nov. 18, 2015) ("Defendants did not submit an affidavit in support of their bill of costs; instead, Defendants' attorney signed the declaration on the clerk's approved form stating that the costs were necessarily incurred in this action. But that conclusory assertion alone is not enough, and, without more, the Court cannot determine whether the copies were necessarily obtained for use in the present litigation." (cleaned up)); *Honestech, Inc. v. Sonic*

*Solutions*, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010) (denying costs because prevailing party made only a "blanket statement" showing necessity); *Auto Wax Co., Inc. v. Mark V Prods., Inc.*, No. 3:99-cv-982-M, 2002 WL 265091, at *4 (N.D. Tex. Feb. 22, 2002) (same).

The Court has also previously explained that, where a prevailing party "executed that required declaration in the Bill of Costs" and "attached the invoices supporting the costs that it seeks to recover" and "the party against whom costs are sought does not object, a presumption arises that the costs were necessarily incurred and will be taxed," but that "[a]n objection shifts that burden to require the party seeking costs to show that the costs were necessary." *Mosley v. Liberty Mut. Ins. Co.*, No. 3:21-cv-1699-L, 2023 WL 4551575, at *3 (N.D. Tex. June 28, 2023), *rec. adopted*, 2023 WL 4553386 (N.D. Tex. July 14, 2023).

Here, Edwards – through his Rule 54(d)(1) motion – did object as to necessity, and First Trust did not attempt to provide any additional proof of necessity. *Accord Mosley*, 2023 WL 4551575, at *3; *Lopez-Santiago*, 2015 WL 7294896, at *2.

And, so, First Trust has not carried its burden to prove the necessity of any of their costs for copies, depositions, or other transcripts were necessarily obtained for use in the case (rather than for the mere convenience of counsel). *See Fogleman*, 920 F.2d at 285-86; *accord Traudt v. Data Recognition Corp.*, No. 3:21-cv-2703-M, 2023 WL 11959820, at *4 (N.D. Tex. Sept. 20, 2023).

The Court therefore sustains Edwards's objection and excludes the $3,312.16 for printing or copying and $34,573.52 for transcripts and other deposition-related

costs. *See* Dkt. No. 146 at 1.

First Trust has provided what is required as to the $347.00 for clerk fees and $1,710.00 for summons and subpoena fees, and Edwards has not sufficiently objected to the witness fees claimed in the amount of $9,398.95. *See id.*; *see also Antero Res. Corp. v. C&R Downhole Drilling*, No. 4:16-cv-668-Y, 2022 WL 21697287, at *1 (N.D. Tex. Oct. 6, 2022).

That leaves First Trust's costs for exemplification of $87,942.84 that it seeks to recover for, as First Trust explains, "costs related to using professional services for presentation of audio and visual evidence at trial (which was used by both parties in this case)," Dkt. No. 151 at 6, but that Edwards asserts "consist entirely of charges by First Trust's trial technology consultants for the creation of demonstrative aids and for attending trial," Dkt. No. 150 at 3.

More specifically, First Trust's $87,942.84 of "Fees for Exemplification" consists of three invoices from Point Multimedia, LLC. The first invoice charges $8,200 for an on-site trial technician. *See* Dkt. No. 146-5 at 3. The second invoice charges $11,872.32 for discussing and developing graphics. *See id.* at 4. It includes one entry for reviewing summary judgment documents and preparing documents for graphics use. *See id.* The third invoice charges $67,870.52 for designing and developing graphics; planning courtroom presentation and trial logistics; discussing, preparing, packing, and transporting equipment for trial; preparing exhibits and deposition clips for use at trial, including by reviewing documents and depositions; attending and providing presentation support at trial; and parking at the courthouse

for trial. *See id.* at 6-8.

Courts in this circuit have persuasively explained why each of those kinds of expenses are not taxable under Rule 54(d)(1) and Section 1920(4). *See Antero*, 2022 WL 21697287, at *4 (costs for having an audio/visual assistant at trial are not recoverable (collecting cases)); *Profectus Tech. LLC v. Google LLC*, No. 6:20-CV-00101-ADA, 2022 WL 3362282, at *5-*9 (W.D. Tex. Aug. 15, 2022) (costs for trial exhibits, graphics, demonstratives, trial technicians, and trial equipment are not recoverable (collecting cases)); *United Biologics, L.L.C. v. Allergy & Asthma Network/Mothers of Asthmatics*, Inc., No. 5:14-CV-35-RCL, 2021 WL 1968294, at *11-15 (W.D. Tex. May 17, 2021) (costs for audio/visual consulting fees, time a technician spends at trial, and trial graphics and demonstratives are not recoverable).

And, even if "such costs are taxable exemplification costs under section 1920(4), [] the Court did not preauthorize them and simply is not persuaded that the audio/visual technician [and related expenses] was necessary, as opposed to merely convenient, at the trial" – and, in any event, First Trust has not demonstrated that each of the expenses that it totals to $87,942.84 were necessary at trial rather than merely convenient. *Antero*, 2022 WL 21697287, at *4; *accord Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-cv-133-O, 2015 WL 12696493, at *6-*7 (N.D. Tex. Jan. 22, 2015).

## Conclusion

For the reasons explained above, the Court grants in part and denies in part Plaintiff Aaron Edwards's Objection to Defendant's Bill of Costs and Motion for the

Court to Review/Retax Costs [Dkt. No. 149].

The Clerk of the Court is directed to deduct $125,828.52 from the taxed costs from First Trust's Bill of Costs.

SO ORDERED.

DATED: November 24, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE